# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Denise Taylor, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Genesis FS Card Services, Inc., a foreign corporation, | |
| Comenity Bank, a foreign corporation, | |
| WebBank, a foreign corporation, | |
| Credit One Financial Corporation, d/b/a Credit One Bank, a foreign corporation, and | |
| NCB Management Services, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, DENISE TAYLOR, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).


## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Hawkinsville, Pulaski County, Georgia.

4. Venue is proper in the Middle District of Georgia, Macon Division.


## **PARTIES**

5. Plaintiff is a natural person residing in City of Hawkinsville, Pulaski County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

   b. Genesis FS Card Services, Inc. ("Genesis") is a foreign corporation that conducts business in the State of Georgia;

   c. Comenity Bank ("Comenity") is a foreign corporation that conducts business in the State of Georgia;

2

d.  WebBank ("WebBank") is a foreign corporation that conducts business in the State of Georgia;

e.  Credit One Financial Corporation d/b/a/ Credit One Bank ("Credit One") is a foreign corporation is a foreign corporation that conducts business in the State of Georgia; and

f.  NCB Management Services, Inc. ("NCB Management") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7.  Genesis, Comenity, WebBank, Credit One and NCB Management (collectively, "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") on Plaintiff's Equifax and Trans Union credit disclosures.

8.  Genesis, Comenity, WebBank and Credit One ("First Furnishers") are inaccurately reporting their Errant Tradelines with an erroneous scheduled monthly payment amounts on Plaintiff's Equifax and Trans Union disclosures.

9.  The Indigo Celtic Bank as indicated in the Plaintiff's Equifax credit disclosure is serviced by the Defendant Genesis. Genesis is inaccurately reporting its Errant Tradeline with an erroneous monthly payment amount of $16.00.

10. Comenity is inaccurately reporting its Errant Tradeline with an erroneous monthly payment amount of $11.00.

11. WebBank is inaccurately reporting its Errant Tradeline with an erroneous monthly payment amount of $15.00.

12. Credit One is inaccurately reporting its Errant Tradeline with an erroneous monthly payment amount of $28.00.

13. NCB Management is inaccurately reporting its Errant Tradeline with an erroneous account status of open and remarks of bankruptcy discharged on Plaintiff's Equifax credit disclosure.

14. The account reflected by the First Furnishers Errant Tradelines were closed by the First Furnishers. Plaintiff no longer has an obligation to make monthly payments to the First Furnishers. The First Furnishers closed the accounts. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy these debts in monthly installments.

15. The Errant Tradelines should be reported by the First Furnishers with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

16. The debt reflected        by        the        NCB        Management Errant Tradeline was discharged in Plaintiff's Chapter 7 Bankruptcy.

17. A collection item cannot report as open and as discharged in bankruptcy as the debt has been extinguished. The NCB Management Errant Tradeline should be reported with an account status as closed.

18. On March 20, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines inaccurately reporting with an erroneous monthly payment amount and an erroneous account status of open.

19. On or about April 2, 2020, Plaintiff submitted a letter to Equifax, disputing the First Furnishers Errant Tradelines. In her dispute letter, Plaintiff explained that the account reflected by the First Furnishers Errant Tradelines were closed. Plaintiff no longer has an obligation to make monthly payments to the First Furnishers. Accordingly, Plaintiff asked Equifax to report the Errant Tradelines with the monthly payment amount of $0.00.

20. On the same date, Plaintiff submitted a letter to Equifax, disputing the NCB Management Errant Tradeline. In her dispute letter, Plaintiff explained that the debt reflected by the NCB Management Errant Tradeline was discharged in her Chapter 7 Bankruptcy petition and thus the collection item cannot report as open. Plaintiff asked Equifax to report the Errant Tradeline with an account status as closed.

5

21. Equifax forwarded Plaintiff's consumer dispute to the Furnishers.

22. The Furnishers received Plaintiff's consumer dispute from Equifax.

23. The Furnishers and Equifax did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

24. Plaintiff had not received Equifax's investigation results. Therefore, on May 18, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and the Furnishers failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradelines and with an account status as closed.

25. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GENESIS

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Genesis negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

28. Genesis negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

29. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

30. As a direct and proximate cause of Genesis' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Genesis is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

32. Plaintiff has a private right of action to assert claims against Genesis arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Genesis for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GENESIS

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Genesis willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

35. Genesis willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

36. As a direct and proximate cause of Genesis' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

37. Genesis is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Genesis for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Comenity negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

40. Comenity negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

41. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

42. As a direct and proximate cause of Comenity's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

43. Comenity is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

44. Plaintiff has a private right of action to assert claims against Comenity arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Comenity for damages, costs, interest, and attorneys' fees.


## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Comenity willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

47. Comenity willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

48. As a direct and proximate cause of Comenity's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

49. Comenity is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Comenity for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, WebBank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

52. WebBank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

53. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

54. As a direct and proximate cause of WebBank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

55. WebBank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

56. Plaintiff has a private right of action to assert claims against WebBank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

57. Plaintiff realleges the above paragraphs as if recited verbatim.

58. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, WebBank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

59. WebBank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

60. As a direct and proximate cause of WebBank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

61. WebBank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant WebBank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Credit One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

64. Credit One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

65. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

66. As a direct and proximate cause of Credit One's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

67. Credit One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

68. Plaintiff has a private right of action to assert claims against Credit One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit One for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT ONE

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Credit One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

71. Credit One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

72. As a direct and proximate cause of Credit One's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

73. Credit One is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Credit One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCB MANAGEMENT

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status on the Errant Tradeline, NCB Management negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

76. NCB Management negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with an account status as closed.

77. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

78. As a direct and proximate cause of NCB Management's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

79. NCB Management is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

80. Plaintiff has a private right of action to assert claims against NCB Management arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant NCB Management for damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCB MANAGEMENT

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, NCB Management willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

83. NCB Management willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

84. As a direct and proximate cause of NCB Management's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

85. NCB Management is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant NCB Management for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

86. Plaintiff realleges the above paragraphs as if recited verbatim.

87. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

88. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

89. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

90. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

91. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

92. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

93. Plaintiff realleges the above paragraphs as if recited verbatim.

94. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

95. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

96. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

97. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

98. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

99. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED: July 8, 2020


By: *<u>/s/ Matthew Landreau</u>*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Denise Taylor*